**Walter S. HAMM and Bonnie E. Hamm, his wife, Plaintiffs Below, Appellants,**

v.

**Lee Vincent RAMUNNO, Defendant Below, Appellee.**

Supreme Court of Delaware.

July 27, 1971.

**602**

Howard Berg and William J. Taylor, III, Wilmington, for appellants.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

WOLCOTT, Chief Justice.

This is an appeal from the entry of a judgment for the defendant in a personal injury action.

The defendant is the owner of a 75-year-old house located at 200 East Tenth Street, Wilmington. He proposed to convert this house to a combination dwelling and office. He hired the plaintiff, a carpenter experienced in light carpentering, to complete the renovations. At the rear of the building there was a room with a shed-type roof. The defendant, himself, removed two sidewalls from this room and a substantial portion of the rear wall. In fact, he had removed all but three of the original rear wall studs which supported a ceiling beam. In addition, he had installed at a distance of 18 inches from the former rear wall temporary two-by-four supports extending from the floor level up to the roof rafters. These temporary supports did not support the ceiling beam.

The defendant approached the plaintiff to complete the renovation. The plaintiff, in the company of the defendant, inspected the premises and informed the defendant that he could do the job. Thereafter, he reported for work with an assistant and again talked about what the defendant wanted and commenced work.

One thing the defendant insisted upon was the removal of the large ceiling beam which formerly was at the juncture of the ceiling and rear wall of the room being enlarged. The plaintiff cut the three remaining wall studs supporting the ceiling beam and removed them, and commenced to pry the ceiling beam out of the plaster. In the space of two to five minutes, the ceiling beam and the plaster ceiling collapsed, injuring the plaintiff.

The reason for the collapse of the ceiling and the wall beam was that the ceiling joists had not been affixed in any manner to the rafters supporting the shed-type roof. The removal, therefore, of the wall studs left the ceiling beam and the ceiling, itself, without any support. Presumably, the attempt of the plaintiff to pry out the ceiling beam had some effect upon the collapse.

Neither the plaintiff and his assistant nor the defendant realized that the ceiling joists were not fastened to the roof rafters; nor could this fact have been ascertained without demolition work to permit the examination of any connection between the ceiling joists and the roof rafters. This additional demolition work was not performed by the plaintiff.

The defendant, a lawyer, had not done the additional demolition necessary to ascertain the failure to join the ceiling joists to the roof rafters. As a matter of fact, the defendant did not even know that the joining of these timbers was proper building practice. A structural engineer testifying as an expert for the plaintiff testified that the removal of the three supporting wall studs supporting the ceiling beam without a prior inspection and determination of a ceiling-roof connection did not constitute good practice.

The case went to trial before a jury and the jury ultimately disagreed. The defendant thereupon renewed his motions for a directed verdict made continuously throughout the trial on the grounds that he was not guilty of any negligence and, also, that the plaintiff, himself, was guilty of contributory negligence. The trial judge ultimately granted the defendant's motion for a directed verdict on both grounds. This appeal followed.

The plaintiff was on the premises as a business invitee of the defendant when he was injured. The plaintiff argues that the defendant improperly discharged his duty to inspect the premises for hidden or latent dangers and warn the plaintiff of the existence of the hidden defect which caused his injury. He asserts that a landowner has a duty to a business invitee to exercise due care for his safety and to keep his premises in a reasonably safe condition, and to give the business invitee warning of any latent or concealed dangers.

■ The general rule is stated in Restatement of Torts 2d, § 343. It imposes liability upon a possessor of land for physical harm caused to a business invitee by a condition on the land if he knows of it, or if by the exercise of reasonable care he would discover the condition and, realizing that it involves an unreasonable risk of harm to the business invitee, give him warning. This is the rule followed in the State of Delaware. Niblett v. Pennsylvania R. R. Co., 2 Storey 380, 158 A.2d 580 (Super.1960).

■ The question is always whether or not the landowner knew or should have known by reasonable care of the latent defect which caused the injury. If the defect is of such nature that reasonable inspection under the circumstances could not have disclosed the dangerous condition to the landowner, then there is no liability imposed for the failure to warn of something he did not know existed. 2 Harper & James, Law of Torts, § 27.12, page 1487; Bernstein v. Ems Corp., 174 F.2d 880 (2d Cir. 1949); Bechtel v. Franklin Trust Co., 120 Pa.Super. 587, 182 A. 800 (1936); Wild v. Atlantic Refining Co., 195 F.2d 151 (3d Cir. 1952); Daddetto v. Barbiera, 4 N.J.Super. 479, 67 A.2d 691 (1949).

■ The facts of the case before us make it completely plain that not only did the defendant not know of the condition which caused the plaintiff's injury, but that there was no reasonable way in which he could have found the existence of the condition. Furthermore, it seems clear that the defendant would not have known of the existence of the condition and its danger, even though he had actually seen

it. The matter required expert knowledge which the defendant did not have.

We therefore think that there was no breach by the defendant of his duty to warn the business invitee of an existing dangerous condition on his premises. This being so, the directed verdict in his favor was properly entered on this ground.

This conclusion makes it unnecessary for us to reach the second point raised in the appeal to the effect that the plaintiff, himself, was guilty of contributory negligence.

The judgment below is affirmed.