MARSHA M. ROBINSON, Plaintiff BelowA-ppellant,
v.
J.C. PENNEY COMPANY, INC., Defendant BelowA-ppellee.
No. 49, 2009.
Supreme Court of Delaware.
Submitted: July 2, 2009.
Decided: July 21, 2009.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
MYRON T. STEELE, Chief Justice
This 21st day of July 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The plaintiff-appellant, Marsha M. Robinson, filed an appeal from the Superior Court's January 23, 2009 order dismissing her complaint. The defendant-appellee, J.C. Penney Company, Inc., has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and AFFIRM.
(2) The undisputed facts of record are that, on October 21, 2004, Robinson, accompanied by her two year-old son and her nineteen year-old daughter, walked out of J.C. Penney at the Christiana Mall, New Castle County, Delaware, and headed towards her car in the parking lot, when she was stopped by two security guards employed by J.C. Penney. The guards asked Robinson if she had any merchandise from the store that had not been paid for and Robinson said yes. The guards escorted Robinson and her children back into the store. During an altercation between Robinson, her daughter and the guards inside the store, Robinson's right arm was injured. An ambulance was called and Robinson was taken to the hospital, where her arm was placed in a cast.
(3) On October 31, 2005, Robinson filed a personal injury complaint in the Superior Court against J.C. Penney, claiming that its security guards had negligently and/or willfully and wantonly caused her to sustain personal injuries and economic losses. Following an arbitration hearing, written discovery, and depositions, the Superior Court issued a scheduling order on August 8, 2008. The scheduling order required Robinson to identify her trial experts on or before September 8, 2008.
(4) When Robinson did not identify her trial experts in accordance with the scheduling order, J.C. Penney filed a motion for summary judgment. J.C. Penney argued that, because Robinson had not identified an expert to testify as to the standard of care applicable to security guards, she would be unable to present a prima facie case at trial. Because Robinson's attorney had withdrawn from representing her, she requested the Superior Court to postpone the hearing on the motion so she could locate another attorney. By the time of the re-scheduled hearing on January 23, 2009, Robinson had not found counsel to represent her and had not filed a response to the motion. The Superior Court then granted J.C. Penney's motion for summary judgment.
(5) In this appeal, Robinson claims that the Superior Court's dismissal of her complaint constituted an abuse of discretion. Robinson also claims that, because her counsel acted unethically when he withdrew from representing her, she cannot be blamed for her failure to respond to the motion for summary judgment. Finally, Robinson claims a number of constitutional violations.[2]
(6) It is settled law in Delaware that the standard of care applicable to a professional can be established only through expert testimony.[3] Moreover, a motion for summary judgment will be granted where, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.[4] The Superior Court, in its discretion, provided Robinson with an extension of time in which to identify an expert and respond to J.C. Penney's motion for summary judgment. However, because Robinson ultimately failed to identify an expert to testify regarding the standard of care applicable to security guards and failed to respond to the motion for summary judgment, the Superior Court had no choice but to grant the motion.[5]
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that J.C. Penney's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Because Robinson's two latter claims were not fully addressed by the Superior Court, we decline to address them for the first time in this appeal. Supr. Ct. R. 8.
[3] Seiler v. Levitz Furniture Co. et al., 367 A.2d 999, 1008 (Del. 1976).
[4] Moore v. Sizemore, 405 A.2d 679, 680-81 (Del. 1979).
[5] Super. Ct. Civ. R. 56(c); Wahle v. Medical Center of Delaware, Inc., 559 A.2d 1228, 1232-33 (Del. 1989).