# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHIRLY BETNER,        )
                                )
        Plaintiff,      )
                                )
        v.            )      C.A. No. N16C-08-069 CLS
GRAYLING CORP. d/b/a CHILI'S  )
RESTAURANT             )
                                )
        Defendants.    )
                                )
                                )

Submitted: February 8, 2018
Decided: March 9, 2018

On Defendant's Motion for Summary Judgment.
**DENIED.**

## <u>ORDER</u>

This 9th day of March, 2018, upon consideration of Grayling Corp. d/b/a Chili's Restaurant ("Defendant") Motion for Summary Judgment, and Shirley Betner's ("Plaintiff") Response, it appears to the Court that:

1. On or about September 5, 2014 Plaintiff was a visitor a Defendant's restaurant located in Wilmington, Delaware.

2. Plaintiff claims while walking in Defendant's restaurant she slipped and fell on "a wet greasy substance" like a "goo" on the floor of the restaurant.

3. Plaintiff filed a Complaint on August 8, 2016, claiming that she suffered injuries from the fall. Defendant filed a Motion for Summary Judgment on October 5, 2017. Plaintiff filed a response on November 28, 2017. Subsequently on December 28, 2017 Defendant filed a Letter with this Court requesting the opportunity to submit a Reply to Plaintiff's Response.[1] The Court denied Defendant's request.

4. Defendant claims that Plaintiff cannot demonstrate that there was a dangerous or defective condition on the floor at the time she fell. Defendant argues that there is "no evidence of any defect" and that Plaintiff "merely speculates the floor had what looked like a 'film' on it, and that film looked like candlewax from afar." Additionally, Defendant argues that Plaintiff failed to show Defendant had notice of any dangerous condition.

5. Plaintiff argues that summary judgment is not appropriate at this stage as there are genuine issues of material fact in dispute and it is for the jury, not the judge, to make factual determinations.

---

[1] Defendant's counsel requested the opportunity to reply to Plaintiff's Response for three reasons: 1) on the grounds that Plaintiff mischaracterized Plaintiff and her husband as elderly; 2) that Plaintiff misstated prior testimony; 3) Plaintiff misstated the law on summary judgment. The Court denied Defendant's request to file a Reply because the Court is aware of the applicable standard on a motion for summary judgment, and the Court did not take the Plaintiff's age into consideration when determining its ruling on this Motion. Additionally, the Court used the deposition transcripts attached by Defendant in deciding this Motion. The Court asks the parties to be cognizant of their citations to the record and the applicable law in the future.

6. The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[2] The moving party bears the initial burden of showing that no material issues of fact are present.[3] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[4] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[5] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[6]

7. In negligence cases it is imperative to determine the status of the individual on the premises in order to assess the duty owed to the plaintiff. Here, Plaintiff was a business invitee. "Generally, a landowner has a duty to exercise reasonable care in keeping its premises safe for the benefit of business

---

[2] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[4] *Id.* at 681.
[5] *Burkhart*, 602 A.2d at 59.
[6] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

invitees."[7] Additionally, "[w]hen a business invitee brings a negligence action for personal injuries sustained while on a business' premises, he or she must demonstrate three elements: (1) there was an unsafe condition in the defendant's store (2) which caused the injuries complained of, and (3) of which the storekeeper had actual notice or which could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary."[8]

8. Defendants claim that Plaintiff's case fails because she has not demonstrated that there was an unsafe condition and Defendant had notice of the unsafe condition. The Court disagrees with Defendant's argument. When viewing the evidence in a light most favorable to Plaintiff, there are genuine issues of fact as to a dangerous condition. In Plaintiff's deposition, when asked what caused the fall, she states: "The area where I walked was greasy. I slipped. I felt something oily as I hit the floor. I could feel that on my hand, but I did slip, and I felt the oil of the slipperiness where I fell." Additionally, when asked if there was any residue from the "goo" on her clothing, she stated it was on her pants and shoes. Plaintiff's husband also testified that he saw his

---

[7] *Laine v. Speedway, LLC*, 2018 WL 315584 (Del. Jan. 8, 2018)(citing *Hamm v. Ramunno*, 281 A.2d 601, 603 (Del. 1971)).

[8] *Balzereit v. Hocker's SuperThrift, Inc.*, 2012 WL 3550495, at *1 (Del. Super. July 24, 2012).

wife fall and that the floor was "gooey" and there "was some kind of residue on it." There are sufficient facts for a reasonable jury to conclude that there was a dangerous condition on the floor, and thus summary judgment is inappropriate as to this argument.

9. Defendant also argues that Plaintiff cannot show that the alleged dangerous condition could have been discovered by a reasonable inspection. Defendant argues that Plaintiff has introduced no evidence to suggest that Defendant had any knowledge or should have known that the floor was slippery, and there were no reports of the condition prior to Plaintiff's fall. On the other hand, Plaintiff argues that the accident was near other employees because the hostess lead Plaintiff and her husband into the unsafe condition.

10. The Court is not persuaded by Defendant's argument. As it is Defendant's burden on this motion to show that there are no genuine issues of fact, Defendant has not met its initial burden. Defendant's motion merely repeats that Plaintiff provided no evidence as to notice or reasonable inspection. The Court finds that it is an issue of fact as to whether Defendant had actual notice of the alleged goo on the floor, or that it could have been discovered by such reasonable inspection as other reasonably prudent storekeepers would regard as necessary. Plaintiff's husband stated in his deposition that after his wife fell he noticed the floor was "greasy." After the fall he noticed that it "was a filthy

restaurant" and it was "dimly lit, and the floor was gooey and greasy." Plaintiff's husband also stated that Plaintiff fell as the hostess was taking them to be seated. Plaintiff herself states that after she fell "she could see the imprints of the people's shoes" once she looked down at the floor. Based on these facts a jury could infer that Defendant, a restaurant, could have discovered the condition through a reasonable inspection. Therefore, summary judgment is not appropriate.

11. As to Defendant's lost wages or loss of earning capacity argument, Plaintiff states that she is not claiming any lost wages or loss of earning capacity at this time, and therefore that portion of Defendant's motion is moot. For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**