# IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANDREA RIDGEWAY,     §
       §    No. 18, 2018
    Plaintiff Below,     §
    Appellant,     §    Court Below—Superior Court
       §    of the State of Delaware
    v.     §
       §    C.A. No. N16C-01-183
ACME MARKETS, INC.,     §
FOX RUN SHOPPING CENTER,     §
LLC, and CIPOLLONI BROTHERS, §
LLC,     §
       §
    Defendants Below,     §
    Appellees.     §

Submitted: August 22, 2018
Decided: September 5, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 5th day of September, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)     Three days after a winter storm, Andrea Ridgeway slipped and fell on ice in a parking lot outside the entrance to an Acme Market grocery store. Fox Run Super Markets, LLC managed the property, and contracted with Cipolloni Brothers, LLC to remove ice and snow from the parking lot. Ridgeway sued Acme, Fox Run, and Cipolloni for negligence. After discovery, the defendants moved for summary judgment, arguing that Ridgeway failed to produce expert testimony to establish the

standard of care and its breach in a negligence action for ice and snow removal in a commercial parking lot. According to the defendants, whether the contractor deviated from industry standards was not within the common knowledge of jurors to assess, and thus expert testimony was required to establish the standard of care and whether it was breached. The Superior Court agreed, and granted the defendants' motions for summary judgment.

(2) On appeal, Ridgeway argues that an expert witness was not required to establish the standard of care and whether it was breached in a slip and fall case in a commercial parking lot. She claims it is within a juror's common knowledge to assess the standard of care for ice and snow removal, and whether the defendants breached the duty owed to Ridgeway.

(3) To resolve this appeal we do not decide whether expert testimony is necessary to establish the standard of care and its breach in a commercial parking lot slip and fall case. Instead, we find that, after the defendants presented evidence at the summary judgment stage of the steps the contractor took to treat the parking lot over multiple days, Ridgeway then had to raise a disputed issue of material fact regarding the defendants' negligence. She failed to do so. Thus, we affirm the Superior Court's grant of summary judgment to the defendants.

(4) According to the allegations of the complaint and the record created during discovery, Acme Markets leased commercial space in the Fox Run shopping

center in Bear, Delaware. Fox Run Shopping Center, LLC (hereinafter "Fox Run") managed the parking lot. Fox Run contracted with Cipolloni Brothers to handle ice and snow removal. On February 3, 2014, a winter storm dropped an inch of snow and icy rain onto the parking lot. Cipolloni Brothers plowed, salted, and shoveled multiple times in the three days following the storm.[1] On February 6, 2014, Andrea Ridgeway parked near handicap-accessible parking spots in the Acme lot. She saw ice between the handicap spots and the entrance and a mound of snow across from the handicap spots.[2] Shortly after stepping out of her car, Ridgeway fell within one of the handicap spots, and sustained a concussion and damage to her cervical spine and neck, which required the insertion of an artificial disk and physical therapy. Ridgeway was unable to describe how much ice she fell on or how much of the parking lot was covered in salt.[3]

(5) Ridgeway filed a complaint against Acme Markets, Fox Run, and Cipollini Brothers alleging negligence in removing the snow and ice from the parking lot. Ridgeway claimed that all three parties were negligent by failing to prevent the harm or warning of the hazardous condition. After the close of

---

[1] App. to Opening Br. at A149 (Cipolloni Invoice) ("[T]he following services were performed: Plowing of entire parking lot; Salt distribution applied throughout entire parking lot and driveway areas (5 times); Shoveling of entire walkway areas (2 times); and Calcium distribution applied to all sidewalk areas (2 times)."). Some of this work was done on February 6, the day of the plaintiff's accident. App. to Opening Br. at A145-A146 (Brande Cipolloni Dep.).

[2] App. to Opening Br. at A208-A209 (Andrea Ridgeway Dep.); *Id*. at A349-A352 (Security Camera Photographs).

[3] App. to Opening Br. at A212-A213 (Ridgeway Dep.).

discovery, Ridgeway had not retained an expert to provide testimony or an affidavit on the standard of care or whether it had been breached. The defendants moved for summary judgment. In her responses to the motions for summary judgment, Ridgeway failed to offer any evidence of negligent acts by the defendants, or how any negligence caused her harm, relying instead on the simple fact that she slipped and fell on ice in the parking lot and did not see salt within an undefined area.[4] The Superior Court granted the defendants' motions, finding expert testimony was required because the standard of care for ice and snow removal from a commercial parking lot was not a subject within the common knowledge of a juror.[5] Because Ridgeway "adduced no evidence of any negligence" by the defendants, "her failure to retain an expert as to the appropriate standard of care" was fatal to her claim.[6]

(6) This Court reviews the grant of a motion for summary judgment *de novo* to determine whether the undisputed facts entitled the movant to judgment as a matter of law, viewing the facts in the light most favorable to the nonmoving party.[7] A party seeking summary judgment bears the initial burden of showing that no genuine issue of material fact exists.[8] If the movant makes such a showing, the

---

[4] App. to Opening Br. at A330-A333, A358-A363, A392-A397 (Plaintiff's Responses to Defendant Motions for Summary Judgment).
[5] Mem. Op., at 5.
[6] Id. at 11.
[7] *United Vanguard Fund, Inc. v. TakeCare, Inc.*, 693 A.2d 1076, 1079 (Del. 1997).
[8] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

burden then shifts to the nonmoving party to submit sufficient evidence to show that a genuine factual issue, material to the outcome of the case, precludes summary judgment.[9]

(7)     Ridgeway argues that the Superior Court erred in granting the defendants' motion for summary judgment because she was not required to produce expert testimony to establish the standard of care for ice and snow removal from a commercial parking lot.  She claims that jurors do not need expert testimony to make a "common sense determination" about the danger created by a melting pile of snow in a supermarket parking lot.

(8)     Defendants respond that Ridgeway is confusing the juror's common sense ability to appreciate the dangers of ice and snow in a parking lot with the industry standard of care for making a parking lot safe after a winter storm.  They state in their briefs, "[t]he issue is not whether a jury can determine whether snow and ice is dangerous, but whether the actions taken by the Landlord in hiring a snow and ice remediation company that salted the parking lot five times over the course of three days deviated from an industry standard such that it did not exercise due care to keep the property in a reasonably safe condition."[10]  According to the defendants, evaluating the industry standard is not within the common knowledge

---

[9] *Id.*
[10] Acme Markets' and Fox Run's Answering Br. at 9.

of jurors.  Because Ridgeway did not retain an expert to testify about the industry standard and whether it was breached, summary judgment was properly entered.

(9)   To succeed on a negligence claim, Ridgeway must establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach caused the plaintiff's injury.[11]  As the landowner, Fox Run must take "reasonable steps" to make the premises safe for business invitees.[12]  "This includes keeping the premises reasonably safe from natural accumulations of ice and snow."[13]  When a dangerous condition exists on the land, which a landowner could discover upon reasonable inspection, the owner has a duty to make that condition reasonably safe.[14]  But, property owners are not insurers for the safety of all invitees coming onto their property.[15]

---

[11] *Campbell v. DiSabatino*, 947 A.2d 1116, 1117 (Del. 2008), *citing New Haverford Partnership v. Stroot*, 772 A.2d 792, 798 (Del. 2001).

[12] *Laine v. Speedway, LLC*, 177 A.3d 1227, 1229 (Del. 2018).

[13] *Id.*, *citing Monroe Park Apts., Corp. v. Bennett*, 232 A.2d 105, 108 (Del. 1967).

[14] *Hamm v. Ramunno*, 281 A.2d 601, 603 (Del. 1971).  On appeal, the parties did not raise whether Acme Markets and Fox Run, who did not perform the work, should be liable for Cipollini's alleged negligence.  *See Restatement (Third) of Torts: Phys. & Emot. Harm* § 56 (2012) (subject to many exceptions, an employer is not vicariously liable for the torts of its independent contractor).  For purposes of this appeal, no distinction will be made among the defendants.

[15] *Wilson v. Derrickson*, 175 A.2d 400, 402 (Del. 1961).  Counsel acknowledged that this is not a strict liability case, and that a fleshed out negligence claim is required.  App. to Opening Br. at 428 (Tr. of Summary Judgment Argument).

6

(10) The jury typically decides the standard of care and its breach when the facts are within their common knowledge.[16] But, when the standard of care requires resort to technical or other complex principles, the plaintiff must establish the standard of care through expert testimony.[17] Depending on the particular facts of a case, a number of Delaware decisions have required expert testimony to establish the standard of care and whether it was breached, while others have not.[18]

---

[16] *Delmarva Power & Light v. Stout*, 380 A.2d 1365, 1367 (1977) ("In the absence of a standard fixed by judicial decision or legislative enactment, the jury itself must define and apply [the] standard of care.").

[17] *Campbell*, 947 A.2d at 1118 (quoting *Davis v. Maute*, 770 A.2d 36, 40 n.3 (Del. 2001); *see also Bond v. Wilson*, 2015 WL 1242828, at *2 (Del. Super. Mar. 16, 2015), *aff'd*, 125 A.3d 676 (Del. 2015) ("While it is the jury's role to determine issues of negligence, Delaware courts have granted summary judgment where the plaintiff has failed to produce an expert opinion when issues involving the standard of care, defects, or proximate cause relate to matters outside the common knowledge of the jury.").

[18] *See Robinson v. J.C. Penney Company*, 977 A.2d 899, 2009 WL 2158106, at *1 (Del. 2009) (TABLE) (holding that an expert was required to show the standard of care owed by a security guard to a suspected shoplifter since "the standard of care applicable to a professional can be established only through expert testimony"); *Abegglan v. Berry Refrigeration*, 2005 WL 6778336, at *2-3 (Del. Super. Dec. 2, 2005) (holding that because a tradesman repairing an ice machine is a professional the plaintiff needed an expert to establish the standard of care); *Vohrer v. Kinnikin* 2014 WL 123270, at *3-4 (Del. Super. Feb. 26, 2014) (holding that an apartment's untrained maintenance man is not a professional but that an expert witness was still required for a claim related to electrical circuitry); *Roberts v. Daystar Sills, Inc.*, 2008 WL 8203205, at *3 (Del. Super. Dec. 8, 2008) (requiring an expert witness in a construction accident because "without an expert to explain the routine practices and acceptable conditions at a closed construction site, where trade persons are trained to work in and around precarious conditions, the jury would be left to speculate as to the standard of care"); *Woods v. Prices Corner Shopping Ctr. Merchants Ass'n.*, 541 A.2d 574, 578 (Del. Super. 1988) (holding that accumulated snow and ice must be removed within a "reasonable time", to be decided "as would any question of fact"); *but see Vandiest v. Santiago*, 2004 WL 3030014, at *7 (Del Super. Dec. 9, 2004) (finding that a property manager in a slip and fall case was not a professional necessitating an expert witness); *Spencer v. Wal-Mart Stores East, LP*, 930 A.2d 881 (Del. 2007) (noting that an expert was not required to show that melting snow can create ice); *Brown v. Dollar Tree Stores*, 2009 WL 5177162, at *3 (Del. Super. Dec. 9, 2009) (finding that an allegedly defective mop was within the "narrow category" of cases where an expert is not required to show a product defect because "the design of a mop is within the scope of

7

(11) We need not decide the requirement of expert testimony in this case because, expert or not, Ridgeway has not offered any evidence of negligence on the part of defendants. To support their summary judgment motion, the defendants demonstrated that the landowner and its contractor plowed and salted the parking lot over the course of several days, including the day that Ridgeway slipped and fell. It was also undisputed that the presence of ice and snow were obvious to Ridgeway as she stepped out of the car. To defend against the defendants' summary judgment motion, Ridgeway had to "create a genuine issue of material fact about the existence of an element of her claim."[19] It is not enough to point to the slip and fall and ice and snow in the vicinity. The plaintiff must point to some breach of the duty of care. Although a plausible negligent explanation may sometimes be sufficient,[20] none was offered in this case. Some evidence of a breach is required where the defendant has produced substantial evidence of reasonable precautions.[21]

---

common knowledge and jurors can understand how this mop was designed and used"); *Hazel v. Delaware Supermarkets, Inc.*, 953 A.2d 705, 711 (Del. 2008) (finding that a plausible negligent explanation is enough to prevent summary judgment and that an expert is not required for a slip on a wet floor); *Small v. Super Fresh Food Markets, Inc.*, 2010 WL 530071, at *4 (Del. Super. Feb. 12, 2010) ("although an expert may indeed be 'helpful,' expert testimony is not required in a grocery store slip and fall case" because a grocer is not a professional).

[19] *Polaski v. Dover Downs, Inc.*, 49 A.3d 1193, 2012 WL 3291783, at *2 (Del. Aug. 14, 2012) (TABLE).

[20] *Hazel*, 953 A.2d at 711.

[21] *See Talmo v. Union Park Auto.*, 38 A.3d 1255, 2012 WL 730332 at *2 (Del. Mar. 7, 2012) (TABLE) (requiring the plaintiff to show that precautions were insufficient and plaintiff acted with reasonable care when injured as an invitee); *Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *5 (Del. Super. Ct. July 2, 2012), *aff'd*, 58 A.3d 982 (Del. 2012) (holding that detailed evidence cannot be rebutted by speculation to survive summary judgment); *Kaigler v. John Lorraine European*

(12) The defendants met their initial burden of showing reasonable measures to address ice and snow in the parking lot. It was then up to Ridgeway to present some evidence—by expert testimony or otherwise—on how the defendants breached their duty of care. Having failed to do so, summary judgment was properly granted to the defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

*Hair Designers, Inc.*, 1994 WL 466263, at \*2 (Del. Super. Ct. July 25, 1994) (holding that "mere conjecture" and photographs of a potentially dangerous situation are not sufficient to survive summary judgment).