# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALYSSA NOVAK, an Individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N19C-11-137 SKR |
| REGAL CINEMAS, INC., a Delaware Corporation, and KONE, INC., a Delaware Corporation | ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: July 15, 2025
Decided: October 27, 2025

*Upon Consideration of Defendant Kone Inc.'s Motion for Summary*

*Judgment:* **GRANTED.**


## MEMORANDUM OPINION AND ORDER


Gary S. Nitsche, Esquire, Caroline A. Kaminski, Esquire, NITSCHE & FREDRICKS LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

Nancy C. Cobb, Esquire, LAW OFFICE OF NANCY CHRISSINGER COBB, Wilmington, Delaware, *Attorney for Defendants.*


**Rennie, J.**

## I. INTRODUCTION

This case arises from an incident on July 25, 2018, when a patron of a movie theater suddenly caught her pant leg on a loose screw while riding an escalator. The unexpected force yanked her leg and injured her ankle. The woman brought an action in negligence against the owner of the property and the contractor responsible for maintaining the escalator.

The contractor now moves for summary judgment in its favor on the grounds that the woman has not set forth a *prima facie* case that it was negligent. Because the woman has not provided evidence on the relevant standard of care, the contractor's motion is GRANTED.

## II. BACKGROUND[1]

### A. The Parties

Plaintiff Alyssa Novak ("Plaintiff") is a citizen of Pennsylvania.[2]

Defendant Regal Entertainment Group ("Regal") is a Delaware corporation with a principal place of business in Wilmington, Delaware.[3] At the time of the

---

[1] The facts are drawn from the Complaint (D.I. 1) and the documents incorporated therein. Additional facts are drawn from the parties' briefing. *See* D.I.s 72 (Kone's Br.) and 73 (Pl.'s Opp'n Br.).

[2] Compl. at ¶ 1.

[3] *Id.* at ¶ 2. Regal has been dismissed from this case due to the matter addressed by the Texas Bankruptcy Court in its denial of Plaintiff's Motion to Seek Relief from the Discharged Claim. *See* D.I. 78 (Plaintiff's letter to the Court advising that her motion had been denied).

events at issue, Regal was the owner of the property located at 3300 Brandywine Parkway, Wilmington, Delaware 19803 (the "Theater").[4]

Defendant Kone, Inc. ("Kone") is a Delaware corporation with a principal place of business in New Jersey.[5] Beginning on or around July 8, 2008, Regal hired Kone to service the escalators at the Theater.[6]

## B. Nature of the Case

On July 25, 2018, Plaintiff, a business invitee at the Theater, was injured on an escalator when her pant leg became caught on a loose screw.[7] The escalator did not stop, and the continued motion of the stairs caused an injury to her ankle.[8] Plaintiff alleges that both Regal and Kone were negligent—Regal because it failed to "make its premises safe and secure for business invitees such as Plaintiff[,]"[9] and Kone because it failed to inspect, repair, and maintain the escalator.[10]

Kone moves for summary judgment on the grounds that Plaintiff has failed to set forth a *prima facie* case for negligence. Because Plaintiff has not presented

---

[4] Compl. at ¶ 2.

[5] *Id.* at ¶ 3.

[6] Kone's Br., Ex. C.

[7] Pl.'s Opp'n Br. at ¶ 1.

[8] *Id.*

[9] Compl. at ¶ 5.

[10] *Id.* at ¶ 6.

expert evidence on Kone's standard of care, the Court agrees that Plaintiff has not properly pled her case.[11]

### III. STANDARD OF REVIEW

The Court will grant a motion for summary judgment where "after viewing the record in a light most favorable to the non-moving party, no genuine issues of material fact exist, and the movant is entitled to judgment as a matter of law."[12] Although an action for negligence is "ordinarily not susceptible of summary adjudication[,]"[13] the Court will grant summary judgment "where the plaintiff has failed to produce an expert opinion when issues involving the standard of care, defects, or proximate cause relate to matters outside the common knowledge of the jury."[14]

### IV. ANALYSIS

To set forth a *prima face* case for negligence, the Plaintiff must show that: (1) Kone owed her a duty of care, (2) Kone breached that duty, (3) Plaintiff suffered an

---

[11] Kone's Br. at ¶ 6.

[12] *New Wood Resources LLC v. Baldwin*, 2023 WL 4883924, at *6 (Del. Super. July 31, 2023) (quoting *CVR Ref., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Nov. 23, 2021)).

[13] *Lynch v. Athey Products Corp.*, 505 A.2d 42, 43 (Del. Super. 1985).

[14] *Armstrong v. Jewish Federation of Delaware, Inc.*, 2017 WL 1277673, at * 5 (Del. Super. Apr. 3, 2017) (quoting *Bond v. Wilson*, 2015 WL 1242828, at *2 (Del. Super. Mar. 16, 2015)).

injury, and (4) Kone's breach caused Plaintiff's injury.[15]  The parties agree in concept that Kone's contract with Regal creates some kind of duty[16] and that Plaintiff alleges she suffered an injury.[17]  But the parties disagree about the specific requirements of Kone's standard of care and whether Kone breached that standard.

"It is settled law in Delaware that the standard of care applicable to a professional can be established only through expert testimony."[18]  Delaware Courts have required experts to testify about the standard of care in negligence cases involving handrail maintenance,[19] "the proper installation, maintenance, and repair of a wall mounted sink[,]"[20] and the "extent of a landlord's duty to inspect, repair, or replace a temperature 'regulator' to a gas water heater[.]"[21]  Unless the negligence is so apparent that it falls within the common knowledge of a jury, an expert witness is typically required to establish the standard of care, especially when the defendant is a "professional."[22]

---

[15] *Campbell v. DiSabatino*,  947 A.2d 1116, 1117 (Del. 2008) (citing *New Haverford Partnership v. Stroot*, 772 A.2d 792, 798 (Del. 2001)).

[16] *See* Kone's Br. at ¶ 6.

[17] *See e.g.*, *Id.* at ¶ 1.

[18] *Robinson v. J.C. Penney Co., Inc.*, 977 A.2d 889 (Table), 2009 WL 2158106, at *1 (Del. 2009) (citing *Seiler v. Levitz Furniture Co. et al.*, 367 A.2d 999, 1008 (Del. 1976)).

[19] *Armstrong*, 2017 WL 1277673, at *8.

[20] *Cruz v. G-Town Partners, L.P.*, 2010 WL 5297161, at *14 (Del. Super. Dec. 3, 2010).

[21] *Id.* at *14 (citing *Powell v. Megee*, 2004 WL 249589, at *4 (Del. Super. Jan. 23, 2004)).

[22] *See Small v. Super Fresh Food Markets, Inc.*, 2010 WL 530071, at **3–4 (Del. Super. Feb. 12, 2010) (finding that a grocer, like an apartment owner, does not require an expert to establish a standard is not a "professional" for purposes of determining the standard of care).

Here, Kone is undoubtably subject to a "professional" standard of care. The parties agree that Kone had a contractual obligation to "examine, maintain, adjust, and lubricate the [escalator]."[23] Plaintiff's position is that, due to the age and heavy use of the escalator, Kone's standard of care required it to inspect the escalator more frequently than it did.[24] In other words, Plaintiff argues that the issue "is not whether Kone did the inspections or repairs in a negligent manner, it is the fact that Kone failed to do the systematic inspections, maintenance, and repairs of the escalator[.]"[25]

The Court is without knowledge of how often an escalator needs to be inspected, maintained, or repaired. Plaintiff has not retained an expert witness to guide the Court or the jury in such an analysis.[26] Because Plaintiff has not provided an expert on Kone's professional standard of care in escalator maintenance, she has

---

[23] Pl.'s Opp'n Br., Ex. C at 2.

[24] *Id.* at ¶ 4. Plaintiff alleges that Kone last inspected the escalator on April 17, 2017, more than fifteen months before her injury. *Id.*

[25] *Id.* at ¶ 6. Plaintiff compares her case to *Delmarva Power & Light*. 380 A.2d 1365 (Del. 1977). There, the plaintiff injured her head when she ran into a utility meter box. *Id.* On appeal, after determining that the applicable standard of care was that "of a reasonably prudent person under all of the circumstances[,]" and that the placement of the meter "is not a determination requiring special knowledge," the Court held that expert testimony was not required in that case. *Id.* at 1367–68. Here, the Plaintiff's case depends on the jury establishing the proper inspection interval for escalators—a task requiring technical expertise that an expert witness must provide. The standard of care for escalator maintenance falls outside the common knowledge of a jury, unlike the standard of care for a hazard like an improperly placed meter box, which is readily apparent to lay people. Therefore, the Court rejects the idea that Kone's standard of care is something "a lay person can determine[.]" Pl.'s Opp'n Br. at ¶ 4.

[26] Without an expert witness to define Kone's standard of care, the Court cannot determine whether Plaintiff has provided *prima facie* evidence that Kone breached that nebulous standard.

not set forth a *prima facie* case for negligence[27] and summary judgment is appropriate. [28]

## V.   CONCLUSION

For these reasons, the Court **GRANTS** the Defendant Kone Inc.'s Motion for Summary Judgment.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[27] The Court does not reach Plaintiff's argument about comparative negligence (Pl.'s Opp'n Br. at ¶ 10) because Plaintiff has failed to plead a *prima facie* case that Kone was negligent. *See Moffit v. Carroll*, 640 A.2d 169, 175–75 (Del. 1994) ("Under Delaware law, the trier of fact must conclude that at least two parties *each* failed to satisfy the requisite standard of care and was a proximate cause of the injury, i.e., *each* was negligent, *before* undertaking any analysis of their comparative negligence.").

[28] *Revell v. Simmons*, 2014 WL 6667493, at *2 (Del. Super. Nov. 12, 2014) ("Summary judgment should be granted if the plaintiff cannot establish the elements necessary for [her] negligence claim.").