Stephen M. CAMPBELL and Stacy A. Campbell, husband and wife, jointly and individually and as guardians ad litem of Jonathan S. Campbell and Lauren E. Campbell, minor children, Plaintiffs Below, Appellants,

v.

Marie DiSABATINO and Patterson Schwartz Associates, Inc., a Delaware Corporation, Defendants Below, Appellees.

No. 256,2007.

Supreme Court of Delaware.

Submitted: Jan. 30, 2008.
Decided: April 23, 2008.

Robert C. McDonald, Esquire of Silverman, McDonald & Friedman, Wilmington, Delaware, for Appellants.

Stephen P. Casarino, Esquire of Casarino, Christman & Shalk, Wilmington, Delaware, for Appellee Marie DiSabatino.

R. Karl Hill, Esquire of Seitz Van Ogtrop & Green, P.A., Wilmington, Delaware, for Appellee Patterson Schwartz Associates, Inc.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court *en banc.*

BERGER, Justice.

■ In this appeal we are asked to decide whether tenants, who allegedly suffered damages from mold in a rental home, must have a "standard of care" expert to establish landlord's breach of duty. The trial court granted landlord's motion for summary judgment based on that premise. We agree that landlord was entitled to summary judgment, but for a different reason—the tenants failed to provide expert evidence as to the cause of the mold. A landlord has no duty to remediate mold created by the tenants' conduct or possessions. Here, tenants failed to provide competent evidence that mold in the rental unit was caused by any of the rental unit's systems, alleged design defects, or other structural problems relating to the dwelling. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 20, 2000, Stephen M. Campbell, his wife, and children, moved out of their furnished apartment and into a single family home owned by Marie DiSabatino and managed by Patterson Schwartz Associates, Inc. (collectively, "PSA"). Shortly after taking their personal furniture out of storage and moving in, the Campbells noticed a musty smell in the house. Campbell discovered stagnant water in the basin of a whole house humidifier that was not functioning. After removing the humidifier and discarding it, Campbell complained to PSA about the musty smell. On November 29, 2000, PSA hired ServPro to clean the air ducts in the house. On December 18, 2000, Campbell notified PSA in writing that the musty smell persisted. In

addition, Campbell advised PSA that his doctors considered the situation unhealthy. Campbell wrote again a few days later, but received no response. On December 28, 2000, the Campbells moved out, leaving all of their possessions in the house.

In February 2001, PSA brought an action in Justice of the Peace Court seeking summary possession and back rent. PSA prevailed. The Campbells filed an appeal, but later dismissed their appeal with prejudice. In October 2002, the Campbells filed this action, *pro se.* After retaining counsel in January 2003, they amended their complaint to allege negligence, negligence *per se,* and other claims all arising from the physical harm that they suffered as a result of the mold in the rental unit. The Campbells identified a standard of care expert, but the expert failed to provide a report by the date set in the trial court's scheduling order. As a result, the trial court granted PSA's motion to exclude the Campbells' expert. Thereafter, the trial court granted PSA's motion for summary judgment on the ground that a standard of care expert is required in "mold" cases. This appeal followed.

## DISCUSSION

■ The Campbells allege that PSA was negligent in its maintenance of the home they rented. To prevail in a claim for negligence, a plaintiff must establish that: 1) the defendant owed the plaintiff a duty of care; 2) the defendant breached that duty; 3) the plaintiff was injured; and 4) the defendant's breach was the proximate cause of the plaintiff's injury.[1] No one disputes PSA's duty to maintain the leased premises in a safe and sanitary condition. The parties and the trial court focused on the question of whether PSA breached that duty. Specifically, the par-

1. *New Haverford Partnership v. Stroot,* 772     A.2d 792, 798 (Del.2001).

ties disputed whether an expert is required to explain the corrective action a landlord must undertake when a tenant complains of mold in the leased premises.

No one addressed the more fundamental question of whether PSA's conduct proximately caused the Campbells' injuries. In other words, was there any evidence that the allegedly non-functional humidifier, which was discarded, was the source of the mold? When the trial court touched on this issue, the Campbells' attorney replied, with appropriate candor:

> THE COURT: What's the legal effect of the point made by Mr. Hill that, I guess both parties made, that the humidifier was removed? What Mr. Campbell claimed was the source of the mold was removed by him and not preserved?

> \* \* \*

> MR. MCDONALD: Your Honor, I think I called this the fly in the ointment. It's a huge problem frankly for the plaintiff.....

> I understand that my client has done some remedial work in the house to try to remove the musty odor, I understand that the humidifier is not in the home, I don't know where the humidifier is.... I don't know how to get past that to be candid with the Court....

Because that "huge problem" was not argued to the trial court, however, the trial court undertook an analysis of the need for a standard of care expert in a mold case.

We think the more appropriate starting point, given the undisputed facts of this case, should have been the absence of any competent evidence that PSA was responsible for (in the sense that its conduct proximately caused) the mold. The Campbells maintain that the humidifier was the source of the mold. They make that assertion because, according to Campbell, the humidifier was not functioning and there was standing water in it.[2] Campbell concedes that he is not an expert on the causes of mold, and that he has no expert who would opine that the humidifier was the source of the mold.[3]

■ It is settled Delaware law that, if a claim requires proof of facts that are "not within the common knowledge of laymen," those facts must be presented through competent expert testimony.[4] There may be cases where the source of mold arguably is within the common knowledge of laymen. For example, where black mold is growing on the ceiling of an apartment at a place where water is leaking, an expert might not be needed to opine that the wet ceiling tiles are the source of the mold. Here, however, the Campbells allege that they were injured by invisible, airborne mold. Because an opinion as to the source of invisible, airborne mold necessarily requires scientific or technical knowledge, the Campbells were required to present expert testimony in support of this element of their claim. They did not. Accordingly, PSA was entitled to the entry of summary judgment because the Campbells failed to adduce competent evidence that PSA's conduct proximately caused the injuries resulting from the mold.

---

2. Because causation had not been discussed by the parties, we asked for supplemental briefing to determine the parties' positions on the need for expert testimony and the record evidence, if any, as to the source of the mold.

3. Indeed, the evidence strongly suggests otherwise. The prior tenants did not notice any musty smells; the musty smell did not abate after the humidifier was removed (or after the air ducts were cleaned); but the musty smell did abate after the Campbells' furniture was removed.

4. *Davis v. Maute*, 770 A.2d 36, 40 fn. 3 (Del. 2001) (Citing *Mazda Motor Corp. v. Lindahl*, 706 A.2d 526, 533 (Del.1998)).

## CONCLUSION

Based on the foregoing, the judgment of the Superior Court is affirmed, on different grounds.[5]

---

**5.** *Unitrin v. American General Corp.,* 651 A.2d 1361 (Del.1995).