## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

THOMAS A. BOND     )
           )
    Plaintiff,   )
           )
  v.        ) C.A. No. N12C-07-271 CLS
           )
CECILIA WILSON     )
           )
    Defendant.  )

Date Submitted: March 11, 2015
Date Decided: March 16, 2015

On Defendant's Motion for Summary Judgment.
**GRANTED.**
On Plaintiff's Motion for Summary Judgment.
**DENIED.**

## OPINION

Michael D. Bednash, Esq., 100 Biddle Avenue, Suite 104, Bear, Delaware 19701. Attorney for Plaintiff.


Joel H. Fredricks, Esq., Casarino Christman Shalk Ransom & Doss, P.A., 405 North King Street, Suite 300, Wilmington, Delaware 19899. Attorney for Defendant.


**Scott, J.**

## Introduction

Defendant Cecilia Wilson ("Defendant") moves for summary judgment on a negligence claim arising from Plaintiff Thomas Bond's ("Plaintiff") fall at Defendant's rental property at 12 E. 44 Street in Wilmington, Delaware ("the Property") on September 21, 2010. Plaintiff also moves for summary judgment on this negligence claim. The Court has reviewed the parties' submissions. For the following reasons, Defendant's motion for summary judgment is **GRANTED** and Plaintiff's motion for summary judgment is **DENIED.**

## Background

The Property is a row home with four or five cement steps that lead up to the front door.[1] There are wrought iron rails on both sides of the steps.[2] The railings were in place when Defendant purchased the Property in 2007.[3] The tenants, Cedric and Gretchen Fountain, had been occupying the Property since spring of 2008 and were the tenants on September 21, 2010.[4]

On September 21, 2010, Plaintiff was at the Property to perform his duties as a letter carrier for the United States Postal Service.[5] Plaintiff has made deliveries

---

[1] Def. Dep. Trans. at 5-6.
[2] *Id.* at 6.
[3] *Id.* at 7.
[4] *Id.* at 8.
[5] Plt. Dep. Trans. at 4-5, 8-9.

at that address on and off for twelve years, and made mail deliveries to that address every day for the three months prior to September 21, 2010.[6]

Plaintiff testified that he did not notice anything unusual about the railing in the three months before the accident and that nothing alerted Plaintiff to the fact that there were any defects in the railing on September 21, 2010.[7] Defendant also testified that there were no noticeable defects in the railing.[8] Defendant never received any complaints regarding the railing nor was she given notice of any potential defects.[9]

On September 21, 2010, Plaintiff rang the doorbell at the Property to deliver a certified letter.[10] As a woman and two children came out, Plaintiff "stepped aside to let them come out" and fell backwards.[11] Plaintiff fell off of the steps, striking his head on a car in the driveway and landing on his back on the driveway. Plaintiff testified that he did not know whether he leaned on the railing or not, and that he did not feel the railing when he stepped back.[12]

### Parties' Contentions

Plaintiff filed this suit for negligence alleging personal injuries as a result of a fall at the Property, owned by Defendant, on September 21, 2010. Plaintiff

---

[6] *Id.* at 8, 10.
[7] *Id.* at 11, 13.
[8] Def. Dep. Trans. at 15.
[9] *Id.* at 8-9, 12, 20.
[10] Plt. Dep. Trans. at 11.
[11] *Id.*
[12] *Id.* at 11-14.

claims that Defendant was negligent in keeping the premises free from defects and in a safe condition because the railing was defective, in violation of Delaware and City of Wilmington Codes.

Defendant moves for summary judgment on the grounds that, without an expert opinion, Plaintiff cannot show that a defect existed which could have given rise to a duty to repair or how the alleged condition caused Plaintiff's fall. As support for this, Defendant asserts that she had no notice of the alleged defect, nor did Plaintiff observe any noticeable defect on the day of his injury or the three months prior to it. Therefore, a typical jury could not determine causation or the existence of a defect at the time of Plaintiff's injury without expert testimony.

Plaintiff responded to Defendant's motion by arguing that the facts, viewed in a light favorable to Plaintiffs, show that Defendant had a duty to repair the railing and that issues of fact exist as to whether a defective condition existed and whether Defendant had notice. Moreover, Plaintiff argues that expert testimony is not required to show that a defective condition existed in this case. Plaintiff also moves for summary judgment on his negligence claim on the basis that there is no genuine issue of material fact because it is undisputed that Defendant was negligent per se and that Defendant failed to maintain the premises in a reasonably safe condition.

## Standard of Review

A motion for summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to summary judgment as a matter of law."[13] First, the moving party must show that there are no issues of material fact present.[14] Then, the burden shifts to the nonmoving party to show that issues of material fact exist.[15] The Court must view the facts in the light most favorable to the nonmoving party.[16]

## Discussion

### I. Defendants' Motion for Summary Judgment

To prevail on a claim of negligence against a landlord, the plaintiff must show that the landlord breached a duty and that the breach was a proximate cause of the plaintiffs' injury.[17] In Delaware, a landlord has a duty "to maintain the premises in a reasonably safe condition and to undertake any repairs necessary to achieve that end."[18] A landlord's duty to repair is contingent upon whether a

---

[13] Super. Ct. Civ. R. 56; *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[14] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[15] *Hurtt v. Goleburn*, 330 A.2d 134, 135 (Del. 1974).
[16] *Austin ex rel. Austin v. Happy Harry's Inc.*, 2006 WL 3844076, at *1 (Del. Super. Nov. 26, 2006).
[17] *Powell v. Megee,* 2004 WL 249589, at *2 (Del. Super. Jan. 23, 2004).
[18] *Ford v. Ja-Sin,* 420 A.2d 184, 187 (Del. Super. 1980).

defective condition existed and whether the landlord was aware of or could have discovered a defect through reasonable inspection.[19]

While it is the jury's role to determine issues of negligence, Delaware courts have granted summary judgment where the plaintiff has failed to produce an expert opinion when issues involving the standard of care, defects, or proximate cause relate to matters outside the common knowledge of the jury.[20] "[A]lthough general negligence claims do not require expert testimony and can be evaluated by a layperson, design defect claims rely on facts beyond a layperson's knowledge."[21]

In this case, issues of fact exist as to whether the railing was in a defective condition and whether Defendant should have been aware through reasonable inspection of the defective condition of the railing. However, the Court finds that summary judgment is nonetheless appropriate because Plaintiff has failed to provide an expert on these issues. Based on the Court's review of the relevant case law, the Court finds that expert testimony is required to establish the defective condition of the railing at the time of Plaintiff's injury.[22] Moreover, expert testimony would also be required to establish the standard for reasonable

---

[19] *Sanchez-Castillo v. Chirico,* 9 A.3d 476 (Del. 2010) ("Without actual or constructive notice of a patent defect, a landlord has no duty to repair that patent defect"); *Norfleet v. Mid-Atlantic Realty Co., Inc.,* 2001 WL 282882, at *6 (Del. Super. Feb. 16, 2001) (citations omitted).
[20] *E.g., Campbell v. DiSabatino*, 947 A.2d 1116, 1118 (Del. 2008); *Cruz v. G-Town Partners, L.P.*, 2010 WL 5297161, *14-15 (Del. Super. Dec. 3, 2010); *see Brandt v. Rokeby Realty Co.,* 2004 WL 2050519 (Del. Super. Sept. 8, 2004).
[21] *Polaski v. Dover Downs, Inc.*, 49 A.3d 1193 (Del. 2012) (Where a plaintiff who fell from a curb asserted that a casino installed a defected curb the Supreme Court held that summary judgment was appropriate due to the lack of expert testimony).
[22] *See Cruz,* 2010 WL 5297161.

inspection by a landlord.[23]  Finally, an expert is required for Plaintiff's negligence

per se argument to be successful as well.

This Court has held that cases involving a loose handrail do not require

expert testimony because such issues are noticeable defects which are not beyond

the common knowledge of the jury.[24]  However, where there is no noticeable

defect, such as the handrail being "loose" or "wobbly," any defective condition

that may exist is then beyond the common knowledge of a typical jury.  In that

case, an expert opinion is required as to the existence of a defective condition at

the time the plaintiff was injured.  For example, in *Cruz v. G-Town Partners*, a

plaintiff-tenant alleged that she was injured when her bathroom sink detached from

the wall.[25]  Although the plaintiff retained an expert, the expert could not render an

opinion as to the cause of the sink's fall.[26]  The Court stated:

> the proper installation, maintenance, and repair of a wall mounted sink
> is beyond the ken of an average juror, as it requires an understanding
> of and familiarity with the structural and mechanical requirements for
> a properly mounted sink. Although most or all jurors may observe and
> use bathroom sinks on a daily basis, the intricacies and nuances of

---

[23] However, the Court does not reach this issue because, before the Court can address whether Defendant had actual or constructive notice, the Court must first determine whether there was a defective condition for Defendant to have notice of. *See In re Kupendua v. Emsley*, 1997 WL 528259, at *3 (Del. Super. July 24, 1997).  Therefore, the Court does not reach the issue of notice because Plaintiff has not offered sufficient evidence to support the existence of a defective condition at the time of Plaintiff's injury.

[24] *Panansewicz v. Jennings*, 2014 WL 1270014, *3 (Del. Super. Jan. 27, 2014).

[25] *Cruz,* 2010 WL 5297161 at *1.

[26] *Id.* at *10.

proper and secure wall mounting is a technical issue that requires an expert explanation and opinion…[27]

The Court recognized that "[a]part from the bare fact of the sink's fall, [the plaintiff] has adduced no evidence of any negligence on [the defendants'] part."[28]

In this case, Plaintiff has not produced any evidence, aside from the fact that the railing was observed out of its mounting after Plaintiff's fall, as to whether the maintenance, mounting or installation of the railing was the proximate cause of Plaintiff's fall. Based on these facts, the finds the reasoning in *Cruz* most applicable to this case, as it is undisputed that there was no noticeable defective condition of the railing prior to Plaintiff's injury. As in *Cruz*, whether the railing was properly installed, mounted or maintained is a question which requires knowledge outside that of a typical jury.[29] Although an average juror would have observed and used a railing, the Court agrees with Defendant's argument that, due to the absence of any noticeable defect in the condition of the railing to Plaintiff or Defendant in this case, the proper installation, mounting or maintenance of the railing requires an expert's technical knowledge and analysis, which is outside the ken of a typical juror.[30]

Furthermore, Plaintiff's negligence per se argument fails for the same reason. Under Delaware law, the violation of a statute, or regulation having the

[27] *Id.* at *14.
[28] *Id.* at *1.
[29] *See Cruz,* 2010 WL 5297161.
[30] *Id.*

8

force of statute, enacted for the safety of others is negligence in law, or negligence per se.[31] Plaintiff asserts that Defendant violated a Wilmington City Code, which requires inside and outside stairways, porches and appurtenances thereto to be "constructed as to be safe to use and capable of supporting the load that normal use may cause to be placed thereon."[32] Plaintiff argues that notice is not an issue under negligence per se, because the Wilmington City Code does not require that the defendant have notice of the defect to be in violation of the statute. However, expert testimony is still necessary to establish the existence of any defective condition of the railing, in violation of the requisite standards of § 34-236(6); any inferences as to the condition of the railing or the standard requites of the Wilmington City Code are outside the knowledge of a layperson.

Plaintiff's requirements under these negligence arguments are three-fold; he must (1) establish that there was a defective condition in the railing at the time of Plaintiff's injury, (2) set forth the extent of Defendant's duty to inspect, repair, or replace the railing mountings, and (3) establish that there was a defective condition in violation of the Wilmington City Code § 34-236(6). As set forth above, under the facts of this case, these are issues beyond the "ken" of an average juror. Consequently, Plaintiff is required to produce an expert opinion in support of his claim. However, Plaintiff has not identified an expert to testify as to the condition

---

[31] *Price v. Blood Bank of Delaware, Inc.*, 790 A.2d 1203, 1212-13 (Del. 2002).
[32] Wilmington City Code § 34-236(6).

of the railing at any point. The deadline for expert reports was August 15, 2014 and discovery was closed on September 15, 2014.[33] Moreover, the Trial Scheduling Order provided that, "[f]ailure to identify experts within the deadlines set forth above will be a sufficient basis to exclude that expert from testifying at the trial unless counsel can set forth good cause as to why the designation did not take place and the report was not provided."[34] Therefore, because Plaintiff did not provide an expert opinion on issues of defective condition, notice or the statutory standard, Plaintiff is unable to prove the elements of negligence and negligence per se.

## II.    Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment on this negligence claim, on the basis that there is no genuine issue of material fact because it is undisputed that Defendant was negligent per se and that Defendant failed to maintain the premises in a reasonably safe condition. Plaintiff's motion fails because, as discussed above, this case required Plaintiff to provide an expert to testify on the issues of causation and existence of a defect prior to Plaintiff's injury. Moreover, Plaintiff could not establish negligence per se either, because expert testimony was necessary to define the "capable of supporting the load that normal use may cause

---

[33] Trial Scheduling Order.
[34] Id.

to be placed thereon" provision of the statute Plaintiff references. Accordingly, Plaintiff's motion for summary judgment fails.

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

*/s/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**