## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHARON PETTY,                                    )
                                                 )
    Appellant/Plaintiff-Below,           )
                                                 )
    v.                                   )    C.A. No. N18A-09-001 ALR
                                                 )
RCP III, LLC,                                    )
                                                 )
    Appellee/Defendant-Below.            )

Submitted: December 17, 2018
Decided: February 6, 2019

***On Appeal from the Decisions of the Court of Common Pleas***
**AFFIRMED**

## ORDER

This is an appeal from the Court of Common Pleas on an Order granting summary judgment and awarding costs to Defendant-Below. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Appellant/Plaintiff-Below, Sharon Petty ("Petty"), filed a civil lawsuit in the Court of Common Pleas on November 15, 2017, against Appellee/Defendant-Below, RCP III, LLC ("RCP"), alleging damages arising from fraudulently concealed defects in a vehicle purchased "As-Is" on July 14, 2017.

2. RCP filed a Motion for Summary Judgment on the grounds that Petty failed to answer written discovery or identify expert witnesses. At a hearing on the

motion, the Court of Common Pleas advised Petty that expert testimony was necessary to support her claims in light of the purchase being an "As-Is" transaction.[1] The trial was rescheduled to permit Petty additional time to obtain an expert.

3.      Petty responded to RCP's Request for Interrogatories, identifying seven individuals purported to be experts. After contacting the named individuals, it was revealed to counsel for RCP that many of the individuals had no knowledge of Petty and that none of the individuals were experts planning to testify on her behalf.

4.      RCP filed a Renewed Motion for Summary Judgment and a Motion for Costs and Fees. Oral argument was scheduled for August 10, 2018. Petty failed to appear. The Court of Common Pleas granted the Motion for Summary Judgment and awarded costs and fees to RCP.[2]

5.      Petty now appeals from the decision granting summary judgment in favor of RCP.

6.      In response, RCP argues that the Court of Common Pleas properly granted summary judgment for failure to identify expert witnesses and failure to appear for oral argument.

---

[1] *Sharon R. Petty v. RCP III, LLC*, C.A. No. CPU4-17-004886, at 27-29 (Del. Com. Pl. June 8, 2018) (TRANSCRIPT).
[2] *Sharon R. Petty v. RCP III, LLC*, C.A. No. CPU4-17-004886, at 5-7 (Del. Com. Pl. Aug. 10, 2018) (TRANSCRIPT).

7.     When considering an appeal from the Court of Common Pleas, "this Court sits as an intermediate appellate court."[3]  The appellate role of this Court is limited to correcting legal error and determining whether factual findings are "sufficiently supported by the record and are the product of an orderly and logical deductive process."[4]  The decision of the Court of Common Pleas granting summary judgment is entitled to a *de novo* review by this Court.[5]  A decision granting summary judgment will be affirmed if it appears from the record, in a light most favorable to the non-moving party, "that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[6]  A motion for summary judgment is properly granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]

8.     The Court of Common Pleas properly held that expert testimony was required to support Petty's claims that there were defects in the vehicle which were allegedly fraudulently concealed.  Under Delaware law, a vehicle sold "As-Is"

---

[3] *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. May 28, 1998).
[4] *Wright v. Platinum Fin. Services*, 2007 WL 1850904, at *2 (Del. June 28, 2007).
[5] *Jackson v. Walgreens Corp.*, 2013 WL 2145938, at *2 (Del. Super. May 15, 2013).
[6] *Id.*
[7] *Collier v. ACME Markets*, 1995 WL 715862, at *1 (Del. Nov. 16, 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

excludes all warranties, either express or implied.[8]  In order for a plaintiff to prove there was a defect in the vehicle which the seller knew or should have known about at the time of the sale, expert testimony is required.[9]  Where "the Appellant has failed to produce an expert opinion when issues involving the standard of care, defects, or proximate cause relate to matters outside the common knowledge of the jury," summary judgment is appropriate.[10]

9.      The Court recognizes that self-represented litigants may be held to a less stringent standard in presenting their cases under certain circumstances.[11] However "[l]itigants, whether represented by counsel or appearing *pro se*, must diligently prepare their cases for trial or risk dismissal for failure to prosecute."[12] Indeed, "[t]here is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff."[13]

---

[8] 6 *Del. C.* § 2-316(3)(a); *Boulden v. Gallo*, 1986 WL 545150, at *2 (Del. Com. Pl. Oct. 23, 1986).

[9] *Reybold Group, Inc. v. Chemprobe Technologies, Inc.*, 721 A2d 1267, 1270 (Del. 1998); *Newcomer v. Burkholder*, 2016 WL 6875961, at *4 (Del. Super. Nov. 22, 2016).

[10] *Bond v. Wilson*, 2015 WL 1242828, at *2 (Del. Super. Mar. 16, 2015) (citing *Campbell v. DiSabatino*, 947 A.2d 1116, 1118 (Del. 2008).

[11] *Hayward v. King*, 2015 WL 6941599, at *4 (Del. Nov. 9, 2015); *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Aug. 15, 2011); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at *2 (Del. Super. Mar. 28, 2011).

[12] *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001).

[13] *Id.*

10.	This Court also finds that the Court of Common Pleas' decision granting RCP's Motion for Costs and Fees was appropriate. Delaware law provides for an award of costs to the prevailing party in a civil action.[14] The Court of Common Pleas has jurisdiction to award costs as a matter of course pursuant to Court of Common Pleas Civil Rule 54(d). Determining when costs are awarded and when they are not is a matter of judicial discretion.[15]

11.	A *de novo* review of this case reveals that there are no genuine issues of material fact and RCP is entitled to judgment as a matter of law. The Court of Common Pleas decision is free from legal error. The Court of Common Pleas did not abuse its discretion. Moreover, the Court of Common Pleas' factual findings are supported by the record and are the product of an orderly and logical deductive process.

**NOW, THEREFORE, this 6th day of February, 2019, for the reasons stated herein, the Court of Common Pleas decision granting Defendant's Motion for Summary Judgment and Motion for Costs and Fees is AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

cc: Sharon Petty

---

[14] 10 *Del. C.* §5101.
[15] *Donovan v. Del. Water and Air Res. Comm'n*, 358 A.2d 717, 723 (Del. 1976).