# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID JORDAN and MARGARET, )
JORDAN, )
)
    Plaintiffs, )
)
    v. )    C.A. No. N18C-05-052 ALR
)
TROLLEY TAP HOUSE, INC., )
MICHAEL TAYLOR, LOU WELLS, )
SEAN SIEDLEKI, and NIKKI )
BOYD, )
)
    Defendants. )

Submitted: December 31, 2019
Decided: January 8, 2020

***Upon Defendants' Motion in Limine***
**DENIED**

## ORDER

Upon consideration of Defendants' Motion *in Limine* to exclude evidence of Plaintiff David Jordan's alleged injuries without expert evidence; the parties' submissions; the Superior Court Rules of Civil Procedure; the Delaware Rules of Evidence; the facts, arguments, and legal authorities set forth by the parties; decisional law; and the entire record in this case, the Court hereby rules as follows:

1.    This action involves claims of personal injury which occurred when Plaintiff David Jordan was thrown out of a bar in Trolley Square on St. Patrick's

Day in 2017. Plaintiff David Jordan proposes to testify regarding injuries he suffered, and also to present the testimony and records of his treating physicians.

2. Defendants seek to exclude all evidence of injuries to Plaintiff David Jordan's eye, knee, and/or his sense of well-being on the grounds that Plaintiff will not present expert opinions regarding the nature, extent, and/or cause of his injuries.

3. Under Delaware Rule of Evidence 701, a lay witness may offer his or her opinion testimony on an issue if it is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) not based on scientific, technical, or other specialized knowledge."[1] However, if the individual's testimony does involve "scientific, technical, or other specialized knowledge," that individual must be qualified to testify as an expert witness.[2] Generally speaking, "if a claim requires proof of facts that are 'not within the common knowledge of laymen,' those facts must be presented through competent expert testimony."[3]

---

[1] D.R.E. 701.
[2] D.R.E. 702.
[3] Campbell v. DiSabatino, 947 A.2d 1116, 1118 (Del. 2008) (quoting Davis v. Maute, 770 A.2d 36, 40 n.3 (Del. 2001)).

4.      Issues of proximate cause and the nature and extent of Plaintiff's injuries are questions of fact to be determined by the jury.  Before the jury can make a determination, however, Plaintiff must establish a *prima facie* case on each issue.[4]  "It is permissible for a plaintiff to make a *prima facie* case that a defendant's conduct was a proximate cause of the plaintiff's injuries, based upon an inference from the plaintiff's competent evidence, if such a finding relates to a matter which is within a lay person's scope of knowledge."[5]  Injuries suffered as the result of being beaten in a barroom brawl are within the common knowledge of lay jurors, such that expert testimony is not required.[6]  Moreover, Plaintiff's treating physicians may testify regarding his injuries and any treatment he was provided.  Testimony by Plaintiff's treating physicians is relevant and will assist the jury in understanding the evidence and determining a fact in issue.  This proposed testimony will not create unfair prejudice or confuse or mislead the jury.  Defendants' challenges go to the weight

---

[4] *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*, 596 A.2d 1372, 1375 (Del. 1991).

[5] *Id.*

[6] *Cf. Small v. Super Fresh Food Mkts., Inc.*, 2010 WL 530071, at *3–4 (Del. Super. Feb. 12, 2010) (concluding that expert testimony is unnecessary to establish that water should not be on the floor of a grocery store because the general operation of a grocery store is within a common juror's experience).

and credibility of the proposed testimony and not to the admissibility. Defendants can effectively cross-examine Plaintiff and Plaintiff's treating physicians at trial. As framed by Defendants in their motion *in limine*, Plaintiffs may present a *prima facie* case without expert testimony on these claims.

5. Plaintiff may testify regarding the impact of the March 17, 2017 event on his own well-being. Plaintiff's testimony is not offered as a medical expert opinion. Moreover, the Court finds that Plaintiff's testimony satisfies the relevancy test as to his mental anguish claim.[7]

6. Nevertheless, there may be evidence offered which is not proper and which must be addressed by the Court in the context of trial. This ruling does not foreclose Defendants from objecting to such evidence during trial. In addition, this ruling does not foreclose an argument by Defendants at trial that Plaintiffs have failed to present a *prima facie* case for presentation to the jury.[8]

---

[7] *See* D.R.E. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

[8] *See* Super. Ct. Civ. R. 50(a).

NOW, THEREFORE, this __ day of January 2020, Defendants' Motion *in Limine* is hereby DENIED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

5