# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KENNETH M. FLOWERS,     )
    )
    Plaintiff,     )
    )
    v.     )     C.A. No. N24C-06-055 DJB
    )
THE BUCCINI/POLLIN GROUP     )
d/b/a STARBUCKS,     )
    )
    Defendants.     )

Date Submitted: February 6, 2025
Date Decided: March 17, 2025

**Memorandum Opinion on Defendant's Motion to Dismiss Plaintiff's Complaint – GRANTED.**

Kenneth M. Flowers, *pro se*, *for Plaintiff*

Brett Thomas Norton, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware, *for Defendant Buccini/Pollin Group d/b/a Starbucks*

**BRENNAN, J.**

Defendant Buccini/Pollin Group d/b/a Starbucks (hereinafter "Starbucks") has moved to Dismiss Plaintiff Kenneth M. Flowers's Complaint. Plaintiff's Complaint alleges defamation and negligence against Starbucks after an incident occurred at their location on Market Street in Wilmington, Delaware. Plaintiff, a regular customer at that location, asked to use the bathroom after buying a drink. Plaintiff was not allowed to use the facilities; the employees cited a new store policy that prohibits customer use of the restroom in response to recent drug activity in the facility. Plaintiff alleges he urinated on himself and is thus seeking compensation for the pain, suffering and humiliation experienced. For the reasons explained below, the Defendant's Motion to Dismiss is **GRANTED**.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint alleging defamation and negligence after an incident at a Starbucks located at 627 N. Market Street, Wilmington, Delaware.[1] Plaintiff entered the Starbucks on April 18, 2024, and paid for a coffee.[2] Plaintiff then asked an employee to use the bathroom and was denied access.[3] Plaintiff's Complaint alleges that he was initially told he could use the bathroom by one female

---

[1] *Kenneth M. Flowers v. The Buccini/Pollin Group d/b/a Starbucks*; N24C-06-055 DJB, D.I. 1. The Starbucks location was owned and operated by The Buccini/Pollin Group. Complaint, D.I. 1 at ¶ 2.
[2] *Id.* at ¶ 4.
[3] *Id.* at ¶ 5.

employee, however, "then she said something to another unknown female employee [who] said, 'they use drugs in there'…. Plaintiff alleges he then asked "what does that have to do with me? I just need to use the bathroom[]" to which the employee responded, "no, as far as she [sic] knows I [sic] could want to go in there and do drugs[.]" Plaintiff's Complaint continues, alleging that when he implored that he just needed to use the bathroom, the Starbucks employee said that "she did not know what I was going to do in the bathroom. This defamatory statement was made in front of other customers making me feel like I had to defend myself as I have never used illegal drugs."[4]

Plaintiff avers that he eventually recorded the remainder of the conversation, as he was embarrassed and "[i]t was clearly defamation of [his] character."[5] Plaintiff's Complaint states that the taped conversation "will be provided when required."[6] Shortly after this conversation Plaintiff urinated on himself and had to walk home in his soiled pants. Naturally, Plaintiff alleges he was embarrassed that other customers in the store heard and saw the exchange and his eventual urination.[7] As a result, a liberal reading of Plaintiff's Complaint avers one count of defamation,

---

[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 6.
[6] *Id.*
[7] D.I. 1 at ¶¶ 7, 8.

for the above referenced comments, and one count of negligence, alleging Starbucks's failure to properly train its employees.[8]

In lieu of an Answer, Defendant moved to dismiss pursuant to Superior Court Rule 12(b)(6) on August 15, 2024.[9] Defendant's motion argues the Complaint fails to plead the requisite elements of both defamation and negligence. Defendant submits the employee's statement is not defamatory because the employee did not accuse Plaintiff of being a drug user.[10] Even if the statement was defamatory, Defendant highlights Plaintiff's inability to sufficiently plead the required special damages in a defamation claim.[11] Defendant similarly argues Plaintiff's negligence claim is insufficiently pled because Defendant did not owe a duty to Plaintiff, nor has Plaintiff pled resulting damages.[12]

Plaintiff filed his opposition on September 6, 2024.[13] In it, Plaintiff submits that Defendant has "shown agreement" that the statements were "libel and defamatory" because the employee has been fired from Starbucks and "the company's representative offered to take [Plaintiff] to lunch or dinner to smooth things over."[14] Plaintiff alleges Defendant owed a duty to Plaintiff and breached it

---

[8] *Id.* at ¶¶ 6, 8.
[9] Defendant's Motion to Dismiss, D.I. 9.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Plaintiff's Opposition, D.I. 11.
[14] *Id.*

because "[Plaintiff] should not have to worry about being talked to in a derogatory manner and humiliated in front of other customers when [] visiting the business."[15]

Oral argument was held on November 18, 2024.[16] At argument, much discussion was had with respect to the audio recording referenced in the Complaint. When it was revealed that counsel was unsure whether this audio recording, previously sent by Plaintiff, was received, both parties were given the opportunity to review the recording. Additionally, the Court ordered Defendant to identify the two previously undisclosed Starbucks employees who engaged in the bathroom discussion with Plaintiff.[17] Pursuant to the deadlines set by the Court at argument, Plaintiff provided counsel with another copy and the audio was transcribed.[18]

On December 2, 2024, Plaintiff sent the Court what purported to be the recording of the incident at Starbucks referenced in his Complaint.[19] The recording received was, in fact, a recording of a separate incident related to a different civil action in which Plaintiff is alleging defamation against Walgreens.[20] On December 3, 2024, Defendant provided the names of the two Starbucks employees.[21] Also on December 3, Defendant filed its supplemental brief in support of its motion,

---

[15] *Id.*
[16] D.I. 22.
[17] *Id.*
[18] D.I. 20.
[19] D.I. 23.
[20] *See* N24C-08-112 DJB.
[21] D.I. 24.

5

following review of the audio recording.[22]  Defense counsel, on December 5, 2024, confirmed limited discovery exchanges with Plaintiff via letter to the Court.  In this letter, counsel explained that in his conversation with Plaintiff, it was represented that Plaintiff possessed an additional recording of a conversation with a Starbucks employee a few days after this incident, but did not wish to disclose this recording.[23]  This recording was not mandated to be disclosed as part of the Court's Order following argument.  Plaintiff did not file any response to Defendant's supplemental filing, but did, on February 6, 2025, file a letter to the Court enclosing an article referencing Starbucks's bathroom policy in effect at the time of this incident.[24]

Defendant's supplemental filing references the transcript of the recording, which documents the following exchange:

PLAINTIFF:      So what does that mean?

EMPLOYEE:      What do you mean, what does that mean? You can't use the bathroom.  I don't see the bathroom.

PLAINTIFF:      What's the reason why?

---

[22] D.I. 25.

[23] D.I. 26.

[24] D.I. 29.  On December 17, 2024, Plaintiff filed on the docket a letter dated August 27, 2024, to defense counsel in which Plaintiff extends a monetary settlement figure. The Court will not consider the contents of this letter pursuant to the tradition that the judiciary remains uniformed of settlement negotiations and ultimate settlements in cases.  This evidence is also inadmissible at trial except in limited circumstances. D.R.E. 408.

EMPLOYEE:  Because crackhead's coming here and soap up in the bathroom. Are you picking that up? I'm not picking that up. I'm not doing that.

PLAINTIFF:  So you're saying that to the bathroom?

EMPLOYEE:  Yeah. That's what they do in the bathroom. You need to say thank you to me, sir. I'm not arguing with you.[25]

This matter is now ripe for decision.

## II.  STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6), the Court must decide "whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[26] Under this Rule, the Court must:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[27]

---

[25] *Id.*

[26] *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (quoting Superior Court Civil Rule 12(b)(6)).

[27] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166

"The Court, however, need not accept conclusory allegations unsupported by specific facts or … draw unreasonable inferences in favor of the non-moving party."[28]  "If any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[29]  A motion to dismiss under Rule 12(b)(6) may be converted into one for summary judgment if "matters outside the pleadings are presented to and not excluded by the Court…[given that] all parties [are] given [a] reasonable opportunity to present all material made pertinent to such motion by Rule 56."[30]

## III.  ANALYSIS

### A. DEFAMATION

Defamation claims can arise from both written and spoken statements.[31]  Libel is written defamation, while slander is defamation in spoken form.[32]  To sufficiently plead a claim of defamation, a plaintiff must allege: (1) a defamatory statement was made; (2) the statement was published; (3) a third party would naturally understand the statement to be defamatory; and (4) damages.[33]  Defendant here argues that the

---

[28] *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *11 (Del. Super. Ct. Aug. 16, 2021) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), overruled on other grounds by *Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[29] *Vinton*, 189 A.3d at 700 (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

[30] Super. Ct. Civil R. 12(b)(6).

[31] *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).

[32] *Id.*

[33] *Id.*

Plaintiff has not shown, nor can he ever show that a defamatory statement was made. Further, Defendant contends that Plaintiff has not articulated actionable damages resulting from the employee's statement. Plaintiff retorts that the elements of defamation have been satisfied in the pleadings because he was called a drug user, impugning his reputation. Plaintiff additionally contends that his special damages are: "pain and suffering, personal humiliation, shame and disgrace."[34]

## 1. THE EMPLOYEE'S STATEMENT IS NOT DEFAMATORY.

A defamatory statement is one that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."[35] In reviewing a challenged statement, the Court considers content, context, and verifiability.[36] Opinion statements, however, are protected under the First Amendment.[37]

Opinion statements are not defamatory unless they "explicitly or impliedly rest on false facts that damage a person's reputation."[38] The statements at issue are

---

[34] D.I. 12, pp. 3-4. Plaintiff advances arguments with respect to the conduct of Starbucks following the incident, such as firing the employee accused of making this statement, as evidence of defamation. This evidence will not be considered by the Court consistent with D.R.E. 407.

[35] *Id.* at 969

[36] *Q-Tone Broadcasting, Co. v. Musicradio*, 1994 WL 555391, at *5 (Del. Super. Aug. 22, 1994) (Del. Super.).

[37] *Id.*

[38] *Id.*

not defamatory because the employee neither accused Plaintiff of being a drug user, nor has it been alleged that she had any factual knowledge of whether Plaintiff was a drug user when denying his access to the restroom. In fact, the employee stated to Plaintiff that she did not know what Plaintiff was going to do in the bathroom, so he could not use it according to the store's new policy.[39] Although Plaintiff took offense to the employee's statement, offensive statements alone are not defamatory.[40]

At no point did the employee accuse Plaintiff of drug use. The comments were generic and reflected an ongoing problem with drug paraphernalia being left in the restroom without reference to Plaintiff. Additionally, no evidence alleges that this statement was heard by a third party. Further, whether there was a bathroom policy in place by Starbucks at the time is irrelevant to the context of this particular statement. The employee's statement is not a defamatory statement.

### 2. PLAINTIFF FAILS TO PLEAD SPECIAL DAMAGES.

Defamation claims require Plaintiff to plead special damages that "actually and naturally result […] from the alleged defamatory publication.'"[41] Special

---

[39] D.I. 1 at ¶ 5.

[40] *Q-Tone*, 1994 WL 555391, at *5 (holding that statements insinuating the subject was a child molester were not defamatory because the speaker had no supporting facts).

[41] *Ward v. Blair*, 2013 WL 3816568, *8 (Del. Super. Jul. 16, 2023).

damages are more than emotion distress, mental anguish, or loss of reputation.[42] Special damages require pecuniary loss that results from conduct of a third party in response to the alleged defamation.[43]

Given that Plaintiff pleads emotional distress, embarrassment, and pain and suffering without articulating pecuniary loss, Plaintiff fails to plead special damages.[44] The embarrassment Plaintiff experienced does not meet the legal standard for special damages because no monetary loss resulted.[45]

### 3. PLAINTIFF FAILS TO ESTABLISH SLANDER *PER SE*.

Slander *per se* is an alternative category of defamation that can be pled without proof of special damages.[46] An oral statement is actionable as slander *per se* if it: (1) maligns one in a trade, business or profession; (2) imputes a crime; (3) implies that one has a loathsome disease; or (4) imputes unchastity to a woman.[47] "[I]t is not enough merely to suggest that another is capable of committing a crime or that he would commit it if sufficient opportunity were presented."[48]

---

[42] *Id.*
[43] D.I. 9.
[44] *Id*. at ¶¶ 9(a), 9(b).
[45] *Id*. at ¶ 9(b).
[46] *Spence*, 396 A.2d at 970.
[47] *Id.*
[48] Restatement 2d Torts § 571, cmt. c.

A statement calling someone a "drug user" and a "drug addict" can constitute slander *per se*.[49] The term "drug user" implies the subject is guilty of "the crime of drug use," therefore these statements meet the threshold of slander *per se*.[50] However, the employee's statements alleged here are not slander *per se*. The employee did not impute that Plaintiff has committed any crime, nor did she outright call Plaintiff a drug user or addict. As quoted above, the employee merely posed a hypothetical that Plaintiff, like any other patron, could use drugs in the bathroom, which had been an increasing issue at the store's location. The employee explained that because she *did not know* what Plaintiff was planning to do in the bathroom he, like all customers, was not permitted to use the restroom. Merely enforcing a store policy is not defamation.

## B. NEGLIGENCE

A *prima facie* case of negligence requires Plaintiff to show: (1) Defendant had a duty to Plaintiff; (2) Defendant breached that duty by not allowing Plaintiff to use the bathroom; (3) Defendant's breach was both the proximate and actual cause of the harm; and (4) Plaintiff suffered damages.[51] A duty exists when a defendant has a legal obligation to protect a plaintiff from the risk of harm which caused the

---

[49] *Laser Tone Bus. Sys., LLC v. Del. Micro-Computer LLC,* 2019 WL 6726305, at *14 (Del. Ch. Nov. 27, 2019).
[50] *Id.*
[51] *Campbell v. DiSabatino*, 947 A.2d 1116, 1117 (Del. 2008).

injury.[52]  Defendant alleges Plaintiff's Complaint has failed to sufficiently plead the required elements, and that the facts of the case foreclose any success in such a claim.[53]  Plaintiff responds by arguing that Defendant had a duty to "provide a safe environment for its paying customers."[54]

### 1.  PLAINTIFF FAILS TO SHOW DEFENDANT OWED A DUTY

When bringing a claim for negligent training, Plaintiff must show that Defendant had a duty to train employees on the conduct giving rise to the underlying tort itself.[55]  A duty does exist for employers to train its employees on "issues that could themselves give rise to a cause of action for negligence."[56]  Therefore, a negligent training claim will not succeed unless an actionable underlying tort took place.[57]

Plaintiff's negligent training claim fails because Plaintiff's underlying tort, defamation, fails.  Further, Plaintiff does not articulate any duty Defendant had to prevent actionable torts.  Plaintiff alleges Defendant failed to train employees on how "to be professional when handling/speaking with customers," "not to make

---

[52] *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002).
[53] D.I. 9, pp. 9-12.
[54] D.I. 12, pp. 1, 5.
[55] *See Beckett v. Trice*, 1994 WL 710874 at *6 (Del. Super. Nov. 4, 1994).
[56] *Burns v. SeaWorld Parks & Ent., LLC.*, 675 F. Supp. 3d 532, 547 (E.D. Pa. 2023) (quoting *Bracke v. Siteone Landscape Supply, LLC*, 2022 WL 1128951, at *2 (E.D. Pa. Apr. 15, 2022).
[57] *Beckett*, 1994 WL 710874, at *6.

derogatory statements slandering the character of its customers," and "to deal with paying customers who request to use the business' bathroom facilities."[58] Although failing to train employees to appropriately interact with customers may lead to unsatisfactory customer service, Plaintiff's negative experience at Starbucks ultimately does not serve as the basis for any actionable tort.[59] And again, regardless of the Starbucks bathroom policy was, a duty cannot be established; Plaintiff's negligent training claim cannot succeed.

## 2. PLAINTIFF FAILS TO PLEAD SUFFICIENT DAMAGES.

Even if Plaintiff could show a duty existed, he must also be able to plead sufficient damages for his negligence claim to survive.[60] Plaintiff alleges damages of emotional distress, pain and suffering, and embarrassment due to having to walk home with soiled pants.[61] For this requirement, however, emotional distress alone, without bodily harm, is insufficient.[62] Mental anguish must be manifested in substantial and ongoing physical symptoms to meet the pleading requirement for

---

[58] D.I. 1 at ¶ 8(a)-(c).
[59] *Burns*, 675 F.Supp.3d. 532, at 547 (holding that an employer was not negligent for "failing to educate employees about racial discrimination and/or implicit bias" because there is "no duty to train employees to avoid or recognize racial discrimination exists under Pennsylvania Law").
[60] *Campbell*, 947 A.2d 1116, at 1117.
[61] D.I. 1 at ¶¶ 9(a), 9(b).
[62] Restatement 2d Torts § 436.

damages in negligence.[63]  As already noted, walking home with soiled pants is surely embarrassing and unfortunate; however, without articulating any cognizable physical harm in addition to, or resulting from, emotional distress suffered, Plaintiff cannot properly plead damages.  Therefore, Plaintiff does not meet the pleading requirements for damages required when bringing a negligence claim.

## V.    CONCLUSION

While the Court commends this *pro se* Plaintiff for his professional practice before the Court, including both his written and oral presentation, the facts of this case are simply not supportive of his claims.  Even when drawing all reasonable inferences in favor of Plaintiff, and affording a liberal reading of his Complaint, there is no reasonably conceivable set of circumstances under which Plaintiff may recover for either count of his Complaint.

Should the production of the tape recording convert this motion into one for summary judgment under Rule 56, when reviewing the record in the light most favorable to Plaintiff, there are no genuine issue of material facts in dispute.  The statement, while unnecessary and unfortunate, was not defamatory, which is fatal to both of Plaintiff's claims.  Further, Plaintiff cannot sufficiently plead or show the required damages to support his claim.

---

[63] *Estate of Moulder v. Park*, 2022 WL 4544837, at *1 (Del. Super. Sept. 29, 2022).

15

Therefore, for the foregoing reasons, the Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____

Danielle J. Brennan, Judge

Cc:    All parties via Lexis File&Serve
        Kenneth Flowers, via first-class mail